On Rehearing
REGAN, Judge.
Plaintiff, Isadore Seelig, obtained a judgment against D. James Brusso, Bertram R. Schwartz and Milton H. Cohen, jointly, severally and solidarily, as makers and in-dorsers of a past due promissory note for $1,000 plus interest from September 5, 1955.
Defendant Brusso initiated a third party action in these proceedings against Stella Homes, Inc., complying with all procedural requisites of service and citation of the Third Party Practice Act, in which Brusso sought judgment against the third party defendant as his warrantor.
The trial court dismissed Brusso’s third party petition as of non-suit and in our original decree we affirmed this action.
This rehearing was granted for the sole purpose of reconsidering the merits of the third party action.
The record reveals that the note upon which judgment was obtained was executed and indorsed by Brusso, Schwartz and! Cohen to procure funds that were deposited *32 to the credit of the corporation. Brusso’s assertion for indemnification for that part of the judgment in which he was cast by the corporation arises out of an agreement of August 10, 1956, wherein the corporation, in consideration for Brusso’s resignation from the corporation and relinquishment of his stock therein, agreed to assume responsibility for any indebtedness or liability he had incurred personally for the benefit of the corporation. At a meeting of its Board of Directors held that same day, the minutes therefrom include the following resolution:
“On motion duly made, seconded and unanimously carried, it was resolved that Mr. D. James Brusso be relieved of all liabilities in the future for any of the corporate debts which he may have signed for personally, and in turn the corporation will now assume his indebtedness and liability.”
Upon this agreement rests Brusso’s claim. The Third Party Practice Act, adopted in 1954 as a procedural device to avoid multiplicity of suits in instances where issues could be resolved in one action, provides in part (LSA-R.S. 13:3381):
“In any civil action presently pending or hereafter filed the defendant in a principal action may by petition bring in any person (including a co-defendant) who is his warrantor, or who is or may be liable to him for all or part of the principal demand.”
Brusso’s cause of action, then, turns on whether the above quoted resolution may be deemed a warranty.
Warranty is defined by Code of Practice Art. 379:
“Warranty may be of two kinds, real or personal.
* * * * * * “Personal warranty is that which takes place in personal actions; it arises from the obligations which one has contracted to pay the whole or a part of a debt due by another to a third person.”
That Brusso’s agreement with the corporation falls squarely within this definition is beyond dispute; therefore, Brus-so’s third party claim for indemnification lies.
For these reasons our decree rendered in the original opinion herein, affirming the lower court’s dismissal of the third party claim, is annulled and the judgment of the trial court in this respect is reversed, and it is now ordered, adjudged and decreed that there be judgment in favor of third party plaintiff, Brusso, and against third party defendant, Stella Homes, Inc., in an amount not to exceed $1,000 plus 4% interest from September 12, 1955, provided however that this judgment shall become ex-ecutory only after and to the extent that the judgment in favor of Seeligand against Brusso on the main demand is executed.
It is further ordered that all costs for which third party plaintiff, Brusso, may become liable as a result of this litigation shall be paid by third party defendant, Stella Homes, Inc.
In all other respects the judgment of the lower court is affirmed and our original opinion is reinstated.
Original opinion reinstated in part, annulled in part; judgment affirmed in part, reversed in part.